Following a bench trial in the Superior Court, the defendant, Steven A. Horwitz, was convicted of misleading a judge, misleading a police officer, intimidation of a witness, false report of a crime, and identity fraud. He appeals, claiming that the judge committed error in denying his motions for required findings of not guilty by reason of lack of criminal responsibility, and that therefore he should not have been found guilty of the crimes.[1] We affirm.
Prior to trial, the defendant filed a notice of intent to use the defense of lack of criminal responsibility due to mental disease or defect. The defendant contends that the judge erred by denying his motion for a required finding of not guilty by reason of lack of criminal responsibility, because the evidence presented by the Commonwealth was insufficient to prove that the defendant was criminally responsible. "A person is not responsible for criminal conduct if at the time of such conduct as a result of mental disease or defect he lacks substantial capacity either to appreciate the criminality [wrongfulness] of his conduct or to conform his conduct to the requirements of law" (quotation omitted). Commonwealth v. McHoul, 352 Mass. 544, 546-547 (1967). When a defendant raises lack of criminal responsibility as a defense, it is the Commonwealth's burden to prove beyond a reasonable doubt that the defendant was sane at the time the conduct occurred. Commonwealth v. Kostka, 370 Mass. 516, 526 (1985).
In considering this claim, we take the evidence in the light most favorable to the Commonwealth. Commonwealth v. Latimore, 378 Mass. 671, 677 (1979). "[A] judge ... must disregard contrary evidence presented by the defendant, including the testimony of a defense expert, unless the contrary evidence demonstrates that the Commonwealth's evidence, or any inference drawn from such evidence, is 'conclusively incorrect.' " Commonwealth v. Lawson, 475 Mass. 806, 817 (2016), quoting Commonwealth v. O'Laughlin, 446 Mass. 188, 204 (2006).
Essentially, the defendant contends that the judge did not properly weigh the evidence, and implicitly credited the Commonwealth's expert testimony over his own expert. Such claims are not reviewable on appeal. See Commonwealth v. Doucette, 408 Mass. 454, 457 (1990) (inquiry on appeal limited to "correctness of the judge's ruling ... measured by the Latimore standard, and without reference to the credibility of the witnesses or weight of the evidence"). Here, the judge, as he was required to do, considered whether "the evidence and the inferences that reasonably could be drawn from it were of sufficient force to permit a rational finder of fact to conclude that the defendant was criminally responsible beyond a reasonable doubt" (quotation omitted). Lawson, supra at 816. Although the defendant's expert's testimony contradicts some of this evidence presented by the Commonwealth, it did not make the Commonwealth's evidence "conclusively incorrect." Id. at 817, quoting O'Laughlin, supra. There was no error.
Judgments affirmed.

The defendant moved for a required finding of not guilty at the close of the Commonwealth's case and at the close of all the evidence. At trial the defendant essentially waived argument as to the first motion, which was orally made. "A required finding of not guilty at the close of the Commonwealth's case is inappropriate where ... there is no dispute on the facts of the crime and the defense is that the defendant is not criminally responsible. Sanity is not an element of the crime." Commonwealth v. Kappler, 416 Mass. 574, 578 n.2 (1993). At oral argument, the defendant confirmed that on appeal he was proceeding only on the issue of sufficiency as it related to his defense of a lack of criminal responsibility, and not on the evidence of the crimes of which he was convicted.